UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM CURRY,

               Plaintiff,

    v.

SECRETARY OF PRISONS, *et al*,

               Defendants.

Case No. C07-5434RJB-KLS

ORDER TO SHOW CAUSE

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint. After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

      A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

      To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

ORDER
Page - 1

1  right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Parratt v. Taylor</u>,
2  451 U.S. 527, 535 (1981), overruled on other grounds, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).  Section
3  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
4  <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985).

5        Plaintiff also must allege facts showing how individually named defendants caused or personally
6  participated in causing the harm alleged in the complaint.  <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir.
7  1981).  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
8  responsibility or position.  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 n.58
9  (1978).  A theory of *respondeat superior* is not sufficient to state a section 1983 claim.  <u>Padway v.</u>
10 <u>Palches</u>, 665 F.2d 965, 968 (9th Cir. 1982).

11       Plaintiff alleges in his complaint that he is "being required to have a Pre-approved residence
12 location, and living arrangement before transferring to Community Custody, in lieu of early release."
13 (Dkt. #1, p. 4).  Plaintiff further states that "Harold W. Clarke, and the Department of Corrections, lacks
14 the autyority [sic] to impose this condition, which the Trial Court declined to impose at sentencing," and
15 that they are still requiring him "to obtain a pre-approved address."  <u>Id.</u> at pp. 4-5.  Plaintiff implies that
16 such actions violate his Fifth, Eighth and Fourteenth Amendment rights.  <u>Id.</u>

17       Plaintiff, however, has not shown that defendant Clarke himself caused or personally participated
18 in causing the harm alleged.  That is, plaintiff has failed to set forth specific facts showing that defendant
19 Clarke was directly responsible for him being required to have a pre-approved residence, nor, indeed, has
20 plaintiff shown, or even alleged, any actual harm he suffered resulting therefrom.  Accordingly, plaintiff
21 has not established a valid claim against defendant Clarke here.

22       In addition, under the Eleventh Amendment to the United States Constitution, a state is not subject
23 to suit by its own citizens in federal court.  <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974).   A state
24 agency, as an arm of the state, is immune from suit in federal court under the Eleventh Amendment as
25 well.  <u>Howlett v. Rose</u>, 496 U.S. 356, 365 (1990); <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 70
26 (1989).  An entity that has Eleventh Amendment immunity also is not a "person" within the meaning of
27
28

1  42 U.S.C. § 1983.[1] Howlett, 496 U.S. at 365.  As such, it appears the Department of Corrections, a state
2  agency, is immune from section 1983 liability.

3  Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff shall file
4  an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why
5  this matter should not be dismissed by **no later than November 11, 2007**.  The amended complaint must
6  carry the same case number as this one.  If an amended complaint is not timely filed or if plaintiff fails to
7  adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant
8  to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

9  Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original
10 pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v.
11 Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915
12 (1992).  Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original
13 complaint.

14 The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended
15 complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to
16 plaintiff.

17 DATED this 12th day of October, 2007.

20 Karen L. Strombom
21 United States Magistrate Judge

---

27 [1]Section 1983 reads in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or
28 other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.