1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM CURRY,

               Plaintiff,

    v.

SECRETARY OF PRISONS, *et al*,

               Defendants.

Case No.  C07-5434RJB-KLS

SECOND ORDER TO SHOW CAUSE

18
19
20
21
22

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's filing of a motion to amend complaint (Dkt. #8) in response to the Court's order to show cause (Dkt. #7) regarding the deficiencies in his complaint.  After reviewing plaintiff's motion and the balance of the record, the Court finds and orders as follows:

23
24
25
26
27

      A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

28

      To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of

1  was committed by a person acting under color of state law and (ii) the conduct deprived a person of a
2  right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor,
3  451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section
4  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
5  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

6  Plaintiff also must allege facts showing how individually named defendants caused or personally
7  participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.
8  1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
9  responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58
10 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v.
11 Palches, 665 F.2d 965, 968 (9th Cir. 1982).

12 In its order to show cause, the Court noted that plaintiff had alleged in his complaint that he was
13 "being required to have a Pre-approved residence location, and living arrangement before transferring to
14 Community Custody, in lieu of early release." (Dkt. #1, p. 4). Plaintiff further stated that Harold W.
15 Clarke and the Washington State Department of Corrections ("DOC") lacked the authority to impose this
16 condition, "which the Trial Court declined to impose at sentencing," and that they were still requiring him
17 "to obtain a pre-approved address." Id. at pp. 4-5. Plaintiff implied that such actions violated his Fifth,
18 Eighth and Fourteenth Amendment rights. Id.

19 The Court noted, however, that plaintiff had not shown defendant Clarke himself caused or
20 personally participated in causing the harm alleged. That is, plaintiff had failed to set forth specific facts
21 showing that defendant Clarke was directly responsible for him being required to have a pre-approved
22 residence, nor, indeed, had plaintiff shown, or even alleged, any actual harm he suffered resulting
23 therefrom. Accordingly, the Court found plaintiff had not established a valid claim against defendant
24 Clarke here.

25 In addition, the Court found the DOC, as a state agency, was immune from section 1983 liability
26 under the Eleventh Amendment to the United States Constitution, because it was an arm of the state,
27 which is not subject to suit by its own citizens in federal court. Howlett v. Rose, 496 U.S. 356, 365
28 (1990); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Edelman v. Jordan, 415 U.S.
651, 662-63 (1974). Accordingly, the Court informed plaintiff that it would not serve the complaint, and

ordered him to file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by no later than November 11, 2007.

In the motion plaintiff filed in response to the Court's order to show cause, plaintiff explained why he believed defendants should be held liable. Plaintiff, however, again has failed to establish defendant Clarke caused or personally participated in causing the harm alleged or that the DOC is immune from liability as explained above. Nor has plaintiff filed an amended complaint curing those deficiencies. In addition, upon further review of plaintiff's complaint, the Court finds a civil rights complaint is the wrong vehicle for obtaining the type of relief plaintiff is seeking.

In his complaint, in addition to stating he sought compensatory and what appears to be injunctive relief, plaintiff also stated that he sought an unconditional release from prison. A writ for *habeus corpus* however, "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994); Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997). This is true even though a section 1983 claim is based on "the alleged unconstitutionality of state administrative action." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

The United States Supreme Court, furthermore, has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87. In other words, a claim for damages that relates to a conviction or sentence which "has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487 (emphasis in the original). In addition:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id.

Plaintiff has not shown, let alone claimed, that his conviction or sentence has been invalidated by either court or executive order. Any judgment in favor of plaintiff, furthermore, necessarily would imply the invalidity of his sentence. Indeed, as noted above, plaintiff expressly states in his complaint that he is

1  seeking an unconditional release from prison. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)
2  (finding section 1983 claims cognizable because plaintiffs did not seek injunction ordering immediate or
3  speedier release into the community). Accordingly, plaintiff's claim may be considered only in a petition
4  for writ of *habeas corpus*.

5      Given that plaintiff has not had a chance to address that deficiency in his complaint, however, the
6  Court shall give him the opportunity to do so now. As such, plaintiff shall file by **no later than January**
7  **6, 2008**, (a) an amended complaint curing, if possible, this latest deficiency, or (b) voluntarily dismiss his
8  complaint and file a petition for writ of *habeas corpus* under a different cause number, or (c) show cause
9  why this matter should not be dismissed as frivolous pursuant to 28 U.S.C. § 1915.

10      The Clerk is directed to send plaintiff the appropriate forms so that he may file either an amended
11  complaint or a *habeas corpus* petition as noted above. The Clerk is further directed to send a copy of this
12  Order to plaintiff.

13      DATED this 7th day of December, 2007.

        Karen L. Strombom
        United States Magistrate Judge